IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA A. HANCOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1095-R |
| | ) |
| GREYSTAR MANAGEMENT | ) |
| SERVICES, L.P. | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Before the Court is Defendant's Motion to Compel. Doc. No. 25. Defendant moves this Court to compel Plaintiff to answer more fully Defendant's Interrogatory Number 11. Plaintiff opposes the Motion and argues that she has answered as fully as the rules require. The Court finds as follows.

Defendant argues that Plaintiff has not fully answered the Interrogatory because she has not provided a calculation of her "emotional and dignitary harm[]" damages. Doc. No. 25, at 2-3. Plaintiff argues that such non-economic damages are difficult to quantify, best left for the jury, and by providing a description of her emotional distress, she has complied with the Federal Rules. Doc. No. 26, at 2-3.

Computation of damages is discoverable information under the Federal Rules. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).[1] However, computation of non-economic damages, such as those for emotional distress and dignitary harm, are "necessarily vague and generally

---
[1] This subsection requires parties to disclose "a computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."

1

considered a fact issue for the jury." *Williams v. Trader Pub. Co.*, 218 F.3d 481, 486 n. 3 (5th Cir. 2000); *Richards v. Convergys Corp.*, 2007 U.S. Dist. LEXIS 1513 (D. Utah Jan. 8, 2007) ("[c]ompensatory damages for emotional distress are necessarily vague and . . . may not be amenable to the kind of calculation disclosure contemplated by [Rule 26].") Nevertheless, the goal of the federal discovery rules is to prevent a trial by ambush. *See McKinney v. Reassure Am. Life Ins. Co.*, 2006 WL 3228791, at *2 (E.D. Okla. Nov. 2, 2006) ("It is simply unfair for any defendant to remain in forced ignorance regarding this number until the rebuttal portion of a plaintiff's closing argument"); *King v. City of Waycross, Georgia*, 2015 WL 5468646, at *3 (S.D. Ga. Sept. 17, 2015) (purpose of federal rules is to prevent trial by ambush).

In light of these considerations, the Court denies the Defendant's motion to compel, but with the following caveat. If Plaintiff intends to request a specific dollar amount for her emotional or dignitary harm damages to the jury, then she must respond to Defendant's discovery request and provide a computation of the same. Otherwise, she may not request from or suggest to the jury a specific amount or range of compensation for these damages. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . at trial, unless the failure was substantially justified or is harmless"); *see also, e.g.*, *Avrett v. Festival Fun Parks, LLC*, 2016 WL 193805, at *3 (S.D. Fla. Jan. 15, 2016) (plaintiff who did not disclose computation for intangible damages precluded from suggesting specific amount of damages to the jury); *McCrary v. Country Mut. Ins. Co.*, 2014 WL 1871891, at *3 (N.D. Okla. May 9, 2014) (plaintiff intending to suggest specific amount for

emotional distress damages must provide computation for the same); *E.E.O.C. v. Wal-Mart Stores, Inc.*, 276 F.R.D. 637, 639-40 (E.D. Wash. 2011) (same); *Sandoval v. Am. Bldg. Maint. Indus.*, Inc., 267 F.R.D. 257, 282 (D. Minn. 2007) (same).

Accordingly, the Court **DENIES** Defendant's Motion (Doc. No. 25). However, if Plaintiff intends to request a specific dollar amount for her emotional or dignitary harm damages to the jury, then she must supplement her discovery responses to provide a computation for those damages on or before August 1, 2016; otherwise, she will not be able to request or suggest a specific dollar amount or range of these damages to the jury.

IT IS SO ORDERED this 17th day of May, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE