IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DONNA A. HANCOCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-15-1095-R |
| | ) |
| (1) GREYSTAR MANAGEMENT SERVICE, L.P., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE AND BRIEF IN SUPPORT**

Defendant Greystar Management Services, L.P., ("Greystar") respectfully moves this Court to enter an order precluding Plaintiff Donna A. Hancock from making any reference at trial to the Family Medical Leave Act ("FMLA").

**INTRODUCTION**

This case stems from Greystar's termination of Ms. Hancock's employment in August 2014 for job abandonment.[1]

Greystar, like many companies, has a written policy mandating consistent and punctual attendance. That policy requires an employee to contact her supervisor directly if she will be unexpectedly absent or late to work. The policy further provides that an employee who fails to show up for work for three consecutively scheduled work days or who has a second instance of "no call, no show" is considered to have voluntarily resigned her position without notice.

Greystar hired Ms. Hancock as a leasing professional in November 2013. Approximately nine months later, Ms. Hancock suffered a heart attack and missed five consecutive days of work. During this time, Ms. Hancock violated Greystar's "no-call/no-show" policy on three

---

[1] A complete statement of the facts can be found in the Court's Order, dated October 18, 2016 [Dkt. # 57].

{S364051;}

separate occasions (August 6, 11, and 12) and, as a result, was terminated for job abandonment on August 12, 2014.

In response, Ms. Hancock filed this action against Greystar, alleging that she was terminated on the basis of her heart disability in violation of the Americans with Disabilities Act ("ADA") and the Oklahoma Anti-Discrimination Act ("OADA"). Notably, Ms. Hancock did *not* (and has not) asserted any claims against Greystar under the FMLA.

## ARGUMENT

Throughout this litigation, Ms. Hancock has presented evidence and arguments referencing the FMLA. The probative value of this evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. It should be excluded under Fed. R. Evid. 403.

Rule 403 allows for the exclusion of "relevant evidence if its probative value is substantially outweighed by [the] danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Courts often invoke this rule to exclude evidence or discussion of legal theories or causes of action that are not at issue in a case. *See Janczak v. Tulsa Winch, Inc.*, No. 13-CV-0154-CVE-FHM, 2016 WL 850809, at *7 (N.D. Okla. Mar. 1, 2016) (excluding evidence that employer required plaintiff to work during his FMLA leave because "plaintiff's [FMLA-]interference claim ma[de] no allegations that defendant interfered with plaintiff's FMLA rights by requiring him to work while he was on leave"); *Claiborne v. Blauser*, No. 2:10-CV-2427VAP, 2016 WL 4540803, at *2 (E.D. Cal. Aug. 30, 2016) ("[H]is testimony concerning the ADA was barred because he had not brought claims under the ADA against Defendants, only claims under the Eighth Amendment. Accordingly, any testimony about the ADA would have been irrelevant and would have served to confuse the jury."); *Mitchell v. Royal Caribbean Cruises, Ltd.*, No. 12-

CIV-22734-UU, 2013 WL 8283958, at *3 (S.D. Fla. June 7, 2013) (excluding "evidence of the coefficient of friction standard required under the [ADA]" because that standard was "not applicable to claims that arise from cruise ship slip and fall cases," and thus would "only confuse the jury"); *Gorman v. City of San Diego*, No. 08-CV-2345-IEG RBB, 2012 WL 1835689, at *4 (S.D. Cal. May 21, 2012) (excluding discussion of the ADA in an excessive force case because "even if evidence that the Defendants' conduct violated the ADA was probative of the excessive force inquiry, any probative value it might have would be substantially outweighed by the danger of confusing the issues and misleading the jury into possibly thinking that violation of the ADA necessarily also constitutes a violation of the Fourth Amendment").

Here, Ms. Hancock has not asserted a claim under the FMLA nor was she ever entitled to FMLA leave during her tenure with Greystar. *See Tolbert v. EAN Servs.*, LLC, No. 15-CV-735-GKF-TLW, 2016 WL 796096, at *2 (N.D. Okla. Feb. 26, 2016) (describing eligibility requirements for FMLA leave). This is a disability discrimination case. Any evidence or argument concerning the FMLA, including Greystar's compliance with the statute, is likely to confuse the issues, mislead the jury, and result in unfair prejudice to Greystar. These dangers substantially outweigh any probative value such evidence may otherwise possess. For this reason, the Court should preclude Ms. Hancock from offering evidence or argument concerning the FMLA, including the statute's requirements, Greystar's compliance practices, and the experiences of other Greystar employees who requested leave under the statute.

WHEREFORE, Greystar respectfully prays that the Court enter an order precluding Plaintiff Donna A. Hancock from (1) making any reference at trial to the FMLA.

Respectfully submitted this 20th day of October 2016.

_____
Juan C. Lopez-Campillo
Florida Bar No. 0139785
Cruiser & Mitchell, LLP
200 E. Robinson Street, Ste. 1140
Orlando, FL  32801
(407) 730-3535 Telephone
(407) 730-3540 Facsimile
jlopez@cmlawfirm.com

Ellen A. Adams
Oklahoma Bar No. 021581
GableGotwals
One Leadership Square, 15th Floor
211 North Robinson
Oklahoma City, OK 73102-7101
(405) 235-5520
(405) 235-2875
eadams@gablelaw.com

ATTORNEYS FOR DEFENDANT
GREYSTAR MANAGEMENT SERVICES;
L.P.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 20, 2016, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System for filing and transmittal of a Notice of the Electronic Filing to the following ECF registrants:

Christine C. Vizcaino
Mazaheri Law Firm, PLLC
3445 W. Memorial Rd., Ste. H
Oklahoma City, OK  73134

    /s/*Ellen A. Adams*
    Ellen A. Adams